**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**MICHELLE BUTTERFIELD, individually, and on behalf of all others similarly situated,**

        **PLAINTIFF,**

COLLECTIVE ACTION COMPLAINT
CIVIL ACTION 3:20-cv-00759

v.

**UNIVERSITY PHYSICIANS & SURGEONS, INC., d/b/a MARSHALL HEALTH,**

        **DEFENDANT.**

## COMPLAINT

Your Plaintiff, Michelle Butterfield, individually and on behalf of all others similarly situated (the "FLSA Collective"), by her counsel, Hoyt Glazer and Abraham J. Saad of Glazer Saad Anderson L.C., brings this action against Defendant University Physicians & Surgeons, Inc. doing business as Marshall Health, for failing to pay their overtime pay as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Plaintiff states the following as her claims against Defendant.

## PARTIES

1. Plaintiff is a citizen and resident of Cabell County, West Virginia, and a certified medical assistant ("CMA").

2. Defendant, University Physicians and Surgeons, Inc., does business as Marshall Health ("Marshall Health") in Cabell County, West Virginia, with its principal place of business in Huntington, West Virginia.

3. From approximately August 2016 to July 2020, Plaintiff was one of Defendant's employees as defined by FLSA, 29 U.S.C. § 203(e)(1) and (g).

4. Defendant provides health and medical care services at various locations throughout West Virginia and Kentucky and has a staff of more than 1,400 employees. See, https://www.marshallhealth.org/about-marshall-health/. (Last accessed October 28, 2020).

5. On information and belief, Defendant's gross annual sales exceed $500,000 at all relevant times.

## JURISDICTION AND VENUE

6. This action arises under the FLSA, 29 U.S.C. § 201, *et seq.*, which provides this Court with original jurisdiction to adjudicate this case pursuant to 28 U.S.C. § 1331.

7. Venue is appropriate in this case under 28 USC § 1391(b) because Defendant resides in this district and most of the events or omissions giving rise to the claims occurred in this Court.

## FACTS

8. Plaintiff and others similarly situated work or worked for Defendant as health care workers during the past four years.

9. Plaintiff and others similarly situated provide health care services for patients at Defendant's health care facilities in West Virginia.

10. Plaintiff and other similarly situated are not independent contractors.

11. Defendant compensated and/or compensates Plaintiff and health care workers for their work based on an hourly and/or per diem basis.

12. Defendant allowed Plaintiff and other similarly situated employees to work more than forty (40) hours per week.

13. Defendant had a policy of refusing to pay Plaintiff and other similarly situated employees at a rate of one and one-half (1 ½) times their regular rate of pay for the overtime hours they worked as the FLSA requires.

14. In calculating Plaintiff's and other similarly situated home health care workers' overtime pay, Defendant only paid them their regular hourly rate, rather than the overtime rate the FLSA mandates.

15. For example, for several pay periods during the summer of 2020, Plaintiff reported overtime hours worked to the Defendant, and the Defendant refused to pay the Plaintiff for the hours she worked in excess of the regular 40 hours.

16. The Defendant alleged that it could not afford to pay Plaintiff the wages she had worked.

17. Defendant willfully operated under a common scheme to deprive Plaintiff and the other similarly situated health care employees of earned overtime compensation by paying them less than what the FLSA requires.

18. Defendant knew or reasonably should have known that Plaintiff and other similarly situated performed work that required payment of overtime compensation.

19. Defendant knew or reasonably should have known that Plaintiff and other similarly situated employees worked overtime hours without receiving compensation for the same because it required Plaintiff and the other employees to record and submit records of their work hours.

20. Defendant was aware, or should have been aware, of its unlawful payment practices and recklessly chose to disregard the consequences of its actions when it disregarded Plaintiff's having logged overtime hours.

## FLSA COLLECTIVE ALLEGATIONS

21. Plaintiff incorporates by reference the preceding paragraphs here.

22. Plaintiff brings Count I below individually and on behalf of all individuals similarly situated, in specific:

    All healthcare employees paid on an hourly and/or per diem basis who have been employed by Defendants at any time since three years prior to the filing of this Complaint until the date of the final judgment in this matter (the proposed "FLSA Collective").

23. Plaintiff consents in writing to assert her claims for unpaid wages under the FLSA pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is filed with the Court as Exhibit A to this Complaint. As this case proceeds, Plaintiff anticipates other individuals will file consent forms and join as opt-in plaintiffs.

24. Members of the proposed FLSA Collective are known to Defendants and are readily identifiable through Defendants' records.

25. Plaintiff and the FLSA Collective are all victims of Defendant's widespread, repeated, systematic, and consistent illegal policies that have resulted in willful violations of their rights under the FLSA, 29 U.S.C. § 201, *et seq.*, and that have caused significant damage to Plaintiff and the FLSA Collective.

26. These individuals would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join by filing their written consent.

**COUNT I: FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.*
On Behalf of Plaintiff and the FLSA Collective**

27. Plaintiff realleges and incorporates the previous paragraphs here.

28. Defendant is an enterprise as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in interstate commerce within FLSA's meaning, 29 U.S.C. § 203(b), (s)(1).

29. The FLSA requires covered employers like Defendant to pay non-exempt employees like Plaintiff and the FLSA Collective no less than one and one-half (1 ½) times their regular rate of pay for all hours worked in excess of forty (40) in a work week. 29 U.S.C. § 207

30. Plaintiff and the FLSA Collective regularly worked more than forty (40) hours per week for Defendant, but Defendant did not properly compensate them for all of their overtime hours as the FLSA mandates.

31. Defendant did not and have not made a good-faith effort to comply with the FLSA as it relates to the compensation of the Plaintiff and the FLSA Collective.

32. Defendant knew Plaintiff and the FLSA Collective worked overtime without proper compensation, and it willfully failed and refused to pay Plaintiff and the FLSA Collective wages at the required overtime rates. See 29 U.S.C. § 255.

33. Defendant's willful failure and refusal to pay Plaintiff and the FLSA Collective overtime wages for time worked violates the FLSA. 29 U.S.C. § 207.

34. As a direct and proximate result of these unlawful practices, Plaintiff and the FLSA Collective suffered and continue to suffer wage loss and are therefore entitled to recover unpaid overtime wages for up to three years prior to the filing of their claims, liquidated damages or prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems fair and proper.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff requests:

A.  A finding that Plaintiff and the FLSA Collective are similarly situated;

B.  Certification of this case as a collective action under 29 U.S.C. § 216(b);

C.  Authorization of the prompt issuance of notice to all those similarly situated, apprising them of this pending legal action and providing them with the opportunity to assert timely FLSA claims by filing individual consent forms with the Court;

D.  Judgment against the Defendant for an amount equal to Plaintiff's and the FLSA Collective's unpaid back wages at the applicable overtime rates;

E.  The Court find that Defendant's violation of the FLSA is willful;

F.  An amount equal to Plaintiff's and the FLSA Collective's damages as liquidated damages;

G.  All costs and attorneys' fees incurred in pursuing this legal action;

H.  An award of any pre-judgment and post-judgment interest;

I.  Leave to add additional parties as plaintiffs or claims by motion, the filing of written consent forms, or any other method approved by the Court; and

J.  All further relief as the Court deems just and equitable.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

MICHELLE BUTTERFIELD,

By her counsel


s/Hoyt Glazer
Hoyt Glazer, Esq. (WV Bar #6479)

Abraham J. Saad, Esq. (WV Bar #10134)
GLAZER SAAD ANDERSON L.C.
320 Ninth Street, Suite B
Huntington, West Virginia 25701
T. 304.522.4149
F. 800.879.7248
hoyt@gsalaw-wv.com
abe@gsalaw-wv.com