IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MICHELLE BUTTERFIELD, individually
and on behalf of all others similarly situated,

                        Plaintiff,

v.                                           CIVIL ACTION NO.   3:20-0759

UNIVERSITY PHYSICIANS & SURGEONS, INC.,
d/b/a Marshall Health,

                        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant University Physicians & Surgeons, Inc., d/b/a Marshall Health's Motion to Dismiss. ECF No. 4. Also pending is Defendant's Motion to Stay Litigation Pending Decision Regarding Defendant's Motion to Dismiss. ECF No. 16. Plaintiff Michelle Butterfield opposes both motions. Upon consideration of the parties' arguments, the Court **DENIES** the Motion to Dismiss and **DENIES AS MOOT** the Motion to Stay.

In the Complaint, Plaintiff alleges that she was an employee of Defendant as defined by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 203(e)(1) and (g), from August 2016 to July 2020. Plaintiff states that she and others similarly situated as her served as health care workers at Defendant's health care facilities in West Virginia. Plaintiff asserts that they were paid by Defendant on an hourly and/or per diem basis. During her employment, Plaintiff states that she and the other employees worked more than forty (40) hours per week without being paid one and one-half their regular rate as required by FLSA. Plaintiff alleges that, during the summer of 2020,

there were several occasions she reported overtime hours, but she was not provided overtime pay. Plaintiff claims that Defendant told her it could not afford to pay overtime. Therefore, Plaintiff filed her action individually, and on behalf of

> [a]ll healthcare employees paid on an hourly and/or per diem basis who have been employed by Defendants at any time since three years prior to the filing of this Complaint until the date of the final judgment in this matter[.]

*Compl.* at ¶22, ECF No. 1. Defendant seeks to dismiss the Complaint on two grounds. First, Defendant argues the Complaint is insufficient to state a cause of action under Section 207 of FLSA.[1] Second, Defendant asserts the Complaint fails to allege sufficient facts identifying a putative class.

## I.
## STANDARD OF REVIEW

Pursuant to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), courts must look for "plausibility" in the complaint. This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (internal quotation marks and citations omitted). Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level . . . ." *Id*. (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. at 558 (internal quotation marks and citations omitted).

---

[1] 29 U.S.C.A. § 207 (establishing the maximum hours under FLSA).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court explained the requirements of Rule 8 and the "plausibility standard" in more detail. In *Iqbal*, the Supreme Court reiterated that Rule 8 does not demand "detailed factual allegations[.]" 556 U.S. at 678 (internal quotation marks and citations omitted). However, a mere "unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient. *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The Supreme Court continued by explaining that, although factual allegations in a complaint must be accepted as true for purposes of a motion to dismiss, this tenet does not apply to legal conclusions. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). Whether a plausible claim is stated in a complaint requires a court to conduct a context-specific analysis, drawing upon the court's own judicial experience and common sense. *Id*. at 679. If the court finds from its analysis that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id*. (quoting, in part, Fed. R. Civ. P. 8(a)(2)). The Supreme Court further articulated that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.

## II.
## DISCUSSION

In *Hall v. DIRECTTV, LLC*, 846 F.3d 757 (4th Cir. 2017), the Fourth Circuit considered how detailed claims under FLSA must be to avoid dismissal. In doing so, the Fourth Circuit rejected the notion that a plaintiff is required to approximate the number of uncompensated hours to survive a Rule 12(b)(6) motion. 846 F.3d at 776-77. Instead, the Fourth Circuit adopted the more lenient approach taken by the First, Second, and Ninth Circuit Courts of Appeals, "requiring plaintiffs only to 'sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours.'" *Id.* at 776 (quoting *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013); *Davis v. Abington Mem. Hosp.*, 765 F.3d 236, 241-43 (3d Cir. 2014) (adopting the *Lundy* standard); *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 644-45 (9th Cir 2014) (same); other citations omitted).

In this regard, the Fourth Circuit held that, in order to state a plausible claim for overtime, "a plaintiff must provide sufficient factual allegations to support a reasonable inference that he or she worked more than forty hours in at least one workweek and that his or her employer failed to pay the requisite overtime premium of those overtime hours." *Id.* at 777. This standard requires plaintiffs to "do more than merely allege that they regularly worked in excess of forty hours per week without receiving overtime pay." *Id.* (citations omitted). However, plaintiffs do not have "to identify a *particular* week in which they worked uncompensated overtime hours. Rather, this standard is intended to require plaintiffs to provide some factual context that will nudge their claim from conceivable to plausible." *Id.* (italics original; internal quotation marks and citations omitted). The Fourth Circuit explained that "[a] plaintiff may meet this initial standard 'by estimating the length of her average workweek during the applicable period and the average rate at

which she was paid, the amount of overtime wages she believes she is owed, *or any other facts* that will permit the court to find a plausibility.'" *Id*. (quoting *Landers*, 771 F.3d at 645 (italics added in *Hall*)). In support, the Fourth Circuit cited the Third Circuit's decision in *Davis*, in which it held "a plaintiff's claim that she 'typically' worked forty hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours he or she worked during one or more of *those* forty-hour weeks, would suffice." *Id*. (quoting *Davis*, 765 F.3d at 243; italics in *Davis* original; some internal quotation marks omitted).

Although Defendant here argues that the allegations in Plaintiff's Complaint are insufficient to show she has a plausible claim under FLSA, the Court disagrees. The Fourth Circuit has adopted the more liberal pleading standard. In her Complaint, Plaintiff alleges that Defendant permitted her to work over forty hours per week. She further states that, during a limited and defined period during the summer of 2020,[2] she reported overtime hours to Defendant for several pay periods that were in excess of forty hours. According to Plaintiff, Defendant refused to provide her the overtime pay, purportedly because it told her it could not afford it. These allegations are more than Plaintiff simply alleging she regularly worked more than forty hours a week without receiving overtime pay. Instead, Plaintiff has identified, as an example, a narrow timeframe in which she asserts she reported overtime hours, was not paid for those hours, and Defendant excused its failure to pay her by claiming lack of funds. Assuming the truth of these allegations for purposes of a motion to dismiss, the Court finds Plaintiff has stated sufficient facts to nudge her "claim from conceivable to plausible." *Hall*, 846 F.3d at 777 (internal quotation marks and citations omitted). Moreover, as the Fourth Circuit stated in *Hall*, although a complaint must state

---

[2]Plaintiff alleges she only was an employee until July 2020, making the window she claims she did not receive the overtime that summer even more narrow.

a plausible claim, a complaint "'nevertheless need only give the defendant fair notice of what the claim is and the grounds on which it rests.'" *Id*. at 765 (quoting *Wright*, 787 F.3d at 263 (internal quotation marks and citations omitted in *Hall*). The Fourth Circuit "emphasized that 'a complaint is to be construed liberally so as to do substantial justice.'" *Id*. (quoting *Wright v. North Carolina*, 787 F.3d 256, 263 (4th Cir. 2015)). Here, the Court easily finds Defendant has fair notice of Plaintiff's individual FLSA claim. Therefore, the Court **DENIES** Defendant's motion to dismiss this claim.

Defendant next argues that Plaintiff has failed to sufficiently allege a collective action under FLSA. Although FLSA permits a plaintiff to maintain a class action on behalf of similarly situated employees,[3] Defendant asserts Plaintiff's accusations with respect to the class are merely a formulaic recitation of the elements and Plaintiff has no actual knowledge about wages paid to other employees. In response, Plaintiff argues it is reasonable to infer that, if Defendant told her it did not have enough funds to pay her overtime during the summer of 2020, it also could not pay other employees who worked overtime. Plaintiff also alleged the nonpayment of overtime was pursuant to a policy of Defendant.

As this Court recently explained in *Fain v. Crouch*, No. 3:20-0740, 2021 WL 2004793 (S.D.W. Va. May 19, 2021), class certification "requires a 'rigorous' factual and legal analysis," making it "rare for a court to make a class determination at the pleadings stage." *Id*. (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011) (internal citation omitted in

---

[3]*See* 29 U.S.C. § 216(b) (providing, in part, "[a]n action to recover [overtime pay] . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated").

*Fain*)). Therefore, "class allegations should be stricken only when 'it is clear from the face of the complaint that the plaintiff cannot and could not meet Fed. R. Civ. P. 23's requirements for certification . . . .'" *Id*. (quoting *Sommerville v. Union Carbide Corp.*, No. 2:19-CV-00878, 2020 WL 2945541, at *3 (S.D. W. Va. June 3, 2020) (Goodwin, J.) (internal quotation marks omitted and other citation omitted)). Although Plaintiff in this case does not identify any other specific employees not paid overtime wages, that information, if true, rests in the hands of Defendant and is a matter for discovery. Despite not having this very specific information from the outset, assuming the truth of the allegations Plaintiff has made, the Court finds Plaintiff's allegations that Defendant had a policy of not paying overtime, that Defendant told Plaintiff it did not have funds to pay overtime, and that Plaintiff and similarly situated employees worked overtime without being paid those wages are sufficient to state a plausible claim and survive a motion to dismiss. Therefore, the Court **DENIES** Defendant's motion to dismiss the class claim. Whether or not Plaintiff ultimately will be able to certify a class and the details of any proposed certified class is a matter to address following discovery.

### III.
### CONCLUSION

Accordingly, for the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss. ECF No. 4. Having denied the motion, the Court further **DENIES AS MOOT** Defendant's Motion to Stay Litigation Pending Decision Regarding Defendant's Motion to Dismiss. ECF No. 16.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: May 24, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE